Olga ROSADO DE VELEZ,
et al. Plaintiffs

v.

Yolanda ZAYAS, et al. Defendants

No. CIV. 02–1777(SEC).

United States District Court,
D. Puerto Rico.

July 26, 2004.

John F. Nevares, San Juan, PR, for Plaintiffs.

Mariana Negron–Vargas, Commonwealth Department of Justice, Federal Litigation Division, Narylu Figueroa–Estasie, Sanchez Betances & Sifre, P.S.C., San Juan, PR, for Defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

Pending before the Court is Defendants' motion for summary judgment (**Docket #30**). Although Plaintiffs on two separate occasions requested and were granted extensions of time to oppose Defendants' motion (**Dockets ## 32–35**), Plaintiffs nonetheless failed to oppose Defendants' motion. After carefully considering Defendants' motion, as well as the applicable law, and for the reasons stated herein, Defendants' motion will be **GRANTED.**[1]

---

**1.** Plaintiffs oddly enough seems to concede that they have no cause of action under the law. In the complaint, they state that:

## Standard of Review

Fed.R.Civ.P. 56(b) provides that: "A party against whom a claim . . . is asserted . . . may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part [of the claims asserted against him/her]." The Court may grant the movant's motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202(1986); *NASCO, Inc. v. Pub. Storage, Inc.*, 29 F.3d 28 (1st Cir.1994). "The principal judicial inquiry required by Rule 56 is whether a genuine issue of material fact exists." Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 3d* § 2725, p. 401.

In this regard, the First Circuit Court of Appeals has noted that for a dispute to be "genuine," there must be sufficient evidence to permit a reasonable trier of fact to resolve the issue in favor of the nonmoving party. *U.S. v. One Parcel of Real Prop.*, 960 F.2d 200, 204 (1st Cir.1992); *see also Boston Athletic Assn. v. Sullivan*, 867 F.2d 22, 24 (1st Cir.1989); *Medina–Munoz v. R.J. Reynolds Tobacco*, 896 F.2d 5, 8 (1st Cir.1990) ("[a] 'genuine' issue is one that must be decided at trial because the evidence, viewed in the light most favorable to the nonmovant, would permit a rational factfinder to resolve the issue in favor of either party.") (citations omitted).

By like token, "material" means that the fact is one that might affect the outcome of the suit under the governing law. *Morris v. Gov't Dev. Bank of P.R.*, 27 F.3d 746, 748 (1st Cir.1994). "A fact is material if it tends to resolve any of the issues that have been properly raised by the parties." Wright, Miller & Kane, *supra*, § 2725 at p. 419. "Not every genuine factual conflict necessitates a trial. It is only when a disputed fact has the potential to change the outcome of the suit under the governing law if found favorably to the nonmovant that the materiality hurdle is cleared." *Martinez v. Colon*, 54 F.3d 980, 983–84 (1st Cir.1995).

In addition, when determining whether to grant summary judgment, the Court may not weigh the evidence. *Casas Office Machines, Inc. v. Mita Copystar Am., Inc.*, 42 F.3d 668 (1st Cir.1994). Summary judgment "admits of no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails." *Id.* (*citing Greenburg v. P.R. Mar. Shipping Auth.*, 835 F.2d 932, 936 (1st Cir.1987)). Accordingly, if the facts permit more than one reasonable inference, the court on summary judgment may not adopt the inference least favorable to the non-moving party. *Casas Office Machs.*, 42 F.3d at 684.

While the moving party has the burden of initially establishing that there is "an absence of evidence to support the non-moving party's case," *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1984); the nonmovant has a "corresponding obligation to offer the court more than steamy rhetoric and bare conclusions." *Lawton v. State Mut. Life Assurance Co. of Am.*, 101 F.3d 218, 223 (1st Cir.1996). Furthermore, "the nonmovant must 'produce specific facts, in suitable evidentiary form' sufficient to limn a trial-

---

"Plaintiff Rosado de Vélez has no adequate remedy at law to vindicate the rights violated by defendants herein." **(Docket #2, ¶21).**

worthy issue.... Failure to do so allows the summary judgment engine to operate at full throttle." *Id.; see also Kelly v. United States,* 924 F.2d 355, 358 (1st Cir. 1991) (warning that "the decision to sit idly by and allow the summary judgment proponent to configure the record is likely to prove fraught with consequence."); *Medina Munoz,* 896 F.2d at 8, (*quoting Mack v. Great Atl. & Pac. Tea Co.,* 871 F.2d 179, 181 (1st Cir.1989)) (holding that "[t]he evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve.")

■ Local Rule 56(b)[2], moreover, requires the moving party to file annexed to the motion "a separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried." Unless the non-moving party controverts this statement, all the material facts set forth therein "shall be deemed to be admitted." *Id.; Cosme–Rosado v. Serrano-Rodriguez,* 360 F.3d 42 (1st Cir.2004). This is the so-called "anti-ferret rule." *See, e.g., Orbi, S.A. v. Calvesbert & Brown,* 20 F.Supp.2d 289, 291 (D.P.R.1998). While failure to comply with this rule does not automatically warrant the granting of summary judgment, "it launches the nonmovant's case down the road toward an early dismissal." *Tavarez v. Champion Prods., Inc.,* 903 F.Supp. 268, 270 (D.P.R.1995). Because Plaintiffs have failed to oppose Defendants' motion, Defendants' statement of uncontested material facts is deemed admitted.

### Applicable Law and Analysis

Plaintiffs, Olga Rosado de Vélez, René Vélez Marichal, and the conjugal partnership composed between them, filed the present civil rights suit under 42 U.S.C. § 1983 and 1988 seeking declaratory and injunctive relief, compensatory and punitive damages as a result of the alleged politically motivated discrimination, all in violation of Plaintiff Rosado's First, Fifth, and Fourteenth Amendment rights. They also assert supplemental jurisdiction over claims arising under the laws of the Commonwealth of Puerto Rico. At the time of filing the complaint, Plaintiff Rosado, an affiliate of the New Progressive Party (NPP) was employed as Director of Systems and Procedures at the Department of the Family (**Docket # 2**). The named Defendants are Yolanda Zayas, Secretary of the Department of the Family and Maribel Roqué, Assistant Secretary of Administration of the Department of the Family (**Docket # 2**).

In their motion for summary judgment, Defendants aver that: (1) Plaintiffs have failed to state a claim under which any remedy may be granted under Section 1983 since (a) Plaintiffs have failed to demonstrate that any of the Defendants were personally involved in the alleged violation; (b) Plaintiffs have failed to evidence that Plaintiff Rosado's political affiliation was a "substantial" or "motivating" factor behind the alleged impermissible personnel transaction(s); (c) Plaintiffs have failed to produce clear and convincing evidence indicating that Plaintiff Rosado suffered an adverse personnel transaction or was assigned functions unreasonably inferior to those of her career position; and (d) Plaintiffs have failed to demonstrate, by clear and convincing evidence, that the complained personnel transactions are sufficiently severe to rise to the level of a constitutional deprivation; (2) Plaintiffs have failed to evidence a deprivation of property without due process, in as much as Plaintiff Rosado has no property inter-

---

2. Formerly codified as Local Rule 311(12).

est in her job functions; (3) Plaintiffs have failed to establish a deprivation of Plaintiff Rosado's rights under the equal protection clause; (4) Defendants, acting in their individual capacity, are immune from the claims for monetary damages pursuant to qualified immunity; (5) pursuant to the Eleventh Amendment, Plaintiffs are barred form obtaining monetary relief from Defendants in their official capacity; and (6) Plaintiffs' supplemental jurisdiction claims should be accordingly dismissed (Docket # 30).

**Section 1983**

█ Section 1983 in itself does not confer substantive rights, but provides a venue for vindicating federal rights elsewhere conferred. *See Graham v. M.S. Connor,* 490 U.S. 386, 393–394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). In order to establish liability under Section 1983, a plaintiff must first show that "the conduct complained of was committed by a person acting under color of state law." *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other grounds* by *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Gutierrez–Rodriguez v. Cartagena,* 882 F.2d 553, 559 (1st Cir.1989); *Saugus v. Voutour,* 474 U.S. 1100, 106 S.Ct. 879, 88 L.Ed.2d 916 (1986); *Voutour v. Vitale,* 761 F.2d 812, 819 (1st Cir.1985).

█ Second, a plaintiff must show that the defendant's conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. *See Parratt,* 451 U.S. at 535, 101 S.Ct. 1908; *Gutierrez–Rodriguez,* 882 F.2d at 559. This second prong has two aspects: 1) there must have been an actual deprivation of the plaintiff's federally protected rights; and 2) there must have been a causal connection between the defendant's conduct and the deprivation of the plaintiff's federal rights. *See Gutierrez–Rodriguez,* 882 F.2d at 559; *Voutour,* 761

F.2d at 819. In turn, this second element of causal connection requires that the plaintiff establish: 1) for each defendant, that the defendant's own actions deprived the plaintiff of his/her protected rights, *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 n. 58, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Gutierrez–Rodriguez,* 882 F.2d at 562; *Figueroa v. Aponte–Roque,* 864 F.2d 947, 953 (1st Cir.1989); and 2) that the defendant's conduct was intentional, *Simmons v. Dickhaut,* 804 F.2d 182, 185 (1st Cir.1986), grossly negligent, or amounted to a reckless or callous indifference to the plaintiff's constitutional rights. *See Gutierrez–Rodriguez,* 882 F.2d at 562.

**Political Discrimination—Freedom of Speech and Association**

██ Political discrimination restrains freedom of belief and association, core activities protected by the First Amendment. *See Elrod v. Burns,* 427 U.S. 347, 354, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). To prevail on a political discrimination claim against Defendants, Plaintiffs must establish that Plaintiff Rosado: 1) engaged in constitutionally protected conduct; and 2) that this conduct was a substantial or motivating factor in an adverse employment decision affecting her. *See Mt. Healthy City Sch. Dist. Bd. v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Padilla–Garcia v. Rodriguez,* 212 F.3d 69, 74 (1st Cir.2000). To meet this burden, Plaintiffs must show that there is a causal connection linking Defendants' conduct to Plaintiff Rosado's political beliefs. *See LaRou v. Ridlon,* 98 F.3d 659, 662 (1st Cir.1996). If Plaintiffs meet this burden, then Defendants have the opportunity to demonstrate, by a preponderance of the evidence, that the alleged personnel actions taken against Plaintiff Rosado would have occurred even in the absence of his protected conduct. *See Mt. Healthy,* 429 U.S. at 287, 97 S.Ct. 568.

In addition, because Plaintiffs have alleged actions short of dismissal, they must meet the severity of the harm test enunciated by the First Circuit in *Agosto–de–Feliciano v. Aponte–Roque,* 889 F.2d 1209 (1st Cir.1989).[3] Thus, in order for Plaintiffs to establish that Plaintiff Rosado has suffered a "constitutionally significant burden" capable of giving rise to relief, they must first meet the threshold requirement of severity of the harm. *Id.* at 1218. This test, as interpreted, prevents government from causing "reasonably hardy individuals to compromise their political beliefs and associations in favor of the prevailing party." *Id.* at 1217. The term "reasonably hardy," however, should not be construed to mean "unusually robust." "In general, an employee must show a permanent, or at least sustained, worsening of conditions to reach the threshold of constitutional injury. If, however, a temporary change in duties is so inappropriate as to be demeaning and persists for longer than a week or two the severity threshold might be met." *Id.* at 1219. Thus, using the examples listed by the First Circuit in *Agosto–de–Feliciano* as well as subsequent case law, we examine Plaintiff Rosado's situation to determine if the employment situation that resulted after the change of administration was "unreasonably inferior to the norm."

In support of Plaintiff Rosado's First Amendment claim, Plaintiffs aver that,

13. After the change in administration plaintiff Rosado de Vélez' duties and responsibilities were removed by defendants, to the point where she has been deprived of all the duties and responsibilities set forth in her job description (Form OP–15). In fact, at present she spends her time at the Agency basket weaving, reading books, reading the newspaper and other non work related activity. This conduct by defendants has continued despite plaintiff's request for work.

14. In addition, a politically charged environment ensued. Mrs. Rosado de Vélez was relocated to a small office, deprived of the conference room, her personnel was reduced from seven (7) to three (3), has no private telephone line nor fax which are necessary to perform her duties.

15. The duties and responsibilities of plaintiff Rosado de Vélez were and are still being usurped by persons affiliated to or identified with the PDP. **However, the duties of these PPD's have nothing whatsoever to do with the duties of Director of Systems and Procedures.**

16. The deprivation of plaintiff's functions, duties and responsibilities was exclusively motivated for political reasons due to her affiliation to the NPP. The absence of any justification for the actions against plaintiff reveals the unconstitutional and illegal motives of the defendants.

**(Docket # 2)**(emphasis added).

Political discrimination cases carry the implicit, yet obvious requirement that defendants know a specific plaintiff's political affiliation. *See Laskaris v. Thornburgh,* 733 F.2d 260, 265 (3rd Cir.1984).

---

3. This Court has previously upheld the validity of *Agosto–de–Feliciano* after the Supreme Court's holding in *Rutan v. Republican Party of Illinois,* 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990). *See Zayas Rodriguez v. Hernandez,* 748 F.Supp. 47, 53 (D.P.R. 1990)("we believe that we are bound by the First Circuit's stated desire to discourage federal litigation over every jostle and bruise that can be the expected result of an active multi-party system"). *See also Morales–Narvaez v. Rossello,* 852 F.Supp. 104 (D.P.R.1994), *aff'd,* 65 F.3d 160 (1st Cir.1995); *Muniz Cabrero v. Ruiz,* 826 F.Supp. 591, 598 n. 20 (D.P.R. 1993).

Plaintiffs in the above-captioned case, however, do not allege nor present any evidence indicating that Defendants knew of Plaintiff Rosado's political affiliation to the NPP. She does not allege that they had any personal knowledge of this matter. In fact, in her deposition, Plaintiff Rosado admitted that she was not a member of any group or committee related to the NPP (**Docket # 30, ¶ 10**). Plaintiffs' reliance in conjectures is further evidenced by the fact that, when they presented their complaint, they inferred Defendants' political association mainly from the fact that they assumed their respective posts after the change in administration (**Docket # 1, ¶¶ 4–5**). During her deposition, although Plaintiff Rosado could somewhat substantiate her allegation that Co-defendant Zayas was affiliated to the PPD, she lacked any personal knowledge with regard to Co-defendant Roqué (**Docket # 30, ¶¶ 11–15**).

 Plaintiffs also omit any direct involvement at the hand of the previously named Defendants. In cases such as the case at bar where a plaintiff alleges that a supervisor's conduct caused a constitutional deprivation, the Supreme Court has firmly rejected *respondeat superior* as a basis for § 1983 liability of supervisory officials. *Voutour*, 761 F.2d at 819; *Monell*, 436 U.S. at 694, 98 S.Ct. 2018. It has been established that § 1983 "should not be constructed to include vicarious liability, which is based on considerations of public policy, rather than fault or causation." *Id.* As an exception, a supervisor may be found liable only on the basis of his or her own acts or omissions. *Gutierrez–Rodriguez*, 882 F.2d at 562; *Figueroa*, 864 F.2d at 953. The conduct or inaction of the supervisor must constitute a reckless or callous indifference to the constitutional rights of others. *Barreto–Rivera v. Medina–Vargas*, 168 F.3d 42, 48 (1st Cir.1999). If the supervisor's behavior demonstrates **deliberate indifference** to conduct that is itself violative of a plaintiff's constitutional

rights, he or she may be held liable for what he or she does or fails to do. *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 582 (1st Cir.1994). Although in their complaint Plaintiffs allege that Defendants acted with negligence and/or reckless disregard, at Plaintiff Rosado's deposition, when she was asked whether Co-defendant Zayas discriminated against her, she responded "I never get to her, ever … No. I don't … I can't say that she, but she's the head, she allows that." (**Docket # 30, ¶ 65**).

 Given Plaintiffs' failure to allege direct involvement at the hand of the named Defendants, as well as the reasons discussed below, we agree with Defendants that Plaintiffs have failed to plead a cognizable claim of political discrimination against them. *See Kauffman v. P.R. Tel. Co.*, 841 F.2d 1169, 1172–73 (1st Cir.1988)(plaintiffs could not withstand summary judgment against them based on general unsupported allegations that the defendants belonged to the rival political party and that plaintiffs lost their jobs directly after the defendants assumed management positions). Simply put, Plaintiffs cannot meet their burden of establishing that Plaintiff Rosado's affiliation to the NPP party was a substantial or motivating factor for the alleged adverse employment actions taken against her, let alone prove that she suffered all these adverse employment actions.

Second, assuming that Plaintiffs could overcome the above mentioned difficulty, it is uncontested that Plaintiff Rosado was not stripped of her job duties as she so cursorily alleges. It is evident from Defendants' statement of uncontested facts that Plaintiff Rosado indeed continues to perform responsibilities assigned to her position (**Docket # 30, ¶¶ 24–27, 43–59**). Her duties have not been assigned to another person nor has a new employee been

assigned to the Office of Systems and Procedures after January 1, 2001; therefore, no one can be performing Plaintiff Rosado's duties.

Plaintiffs also allege that Plaintiff Rosado was relocated to a small office, deprived of the conference room, and that her personnel was reduced. Although Plaintiffs allege that this was an act of political discrimination, it is uncontested that the relocation of Plaintiff Rosado, as that of many other Department employees, resulted from a flood in the basement of the Department of the Family and the humidity and fungi problems that arose in that area (**Docket # 30, ¶ 60**). This is indubitably a lawful concern envisioned by the First Circuit which would justify dismissal of the political discrimination claim. "[I]n instances in which discovery shows that the defendants' actions obviously were motivated by lawful concerns, it is likely that a district court faced with a defense motion for summary judgment would choose to dispose of the case on that ground rather than to delve into the facts ..." *Agosto–de–Feliciano,* 889 F.2d at 1220 n. 9.

With respect to Plaintiffs' argument regarding the reduction in the personnel she supervised, it is uncontested that three of these employees were transferred to other offices in the Department of Family as per their own requests since they complained about Plaintiff Rosado's hostile work environment and harassment (**Docket # 30, ¶¶ 30–37**). The fourth employee had been on a temporary assignment at the Department of the Family and effective April 2, 2001, was transferred back to her previous position at the Administración de Desarrollo Socioeconómico de la Familia (AD-SEF) (**Docket # 30, ¶¶ 28–29**). This decision was made by the Office of Human Resources of the Department of the Family based on the agencies' needs (**Docket # 30, ¶ 29**). The named Defendants were not personally involved in the decisions to transfer those employees. Therefore, politically discriminatory animus on the part of Defendants could not have been the basis for these decisions.

Plaintiff also alleges that she was deprived of her private telephone line and fax. These changes do not rise to the level necessary to meet the severity of harm test. As expressed by the First Circuit in *Agosto–de–Feliciano,* an employee who has merely lost the "perks" of her job does not meet the "unreasonably inferior" standard. *Agosto–de–Feliciano,* 889 F.2d at 1219. We reiterate that "federal courts should not become embroiled in the day-to-day workplace disputes between a government employer and its government employees." *Santiago de Castro,* 943 F.2d at 131.

We note that Plaintiff Rosado's salary has not been affected. Moreover, she receives the same work benefits. Although Plaintiff Rosado has suffered some changes in her position, i.e. she supervises fewer employees and her office space has been limited, the record does not permit the factfinder to conclude that the resulting position was "unreasonably inferior to the norm" nor that said changes were motivated by a politically discriminatory animus. *See Rodriguez–Pinto,* 982 F.2d at 39. Even if Plaintiff Rosado may have lost some job responsibilities, her current responsibilities are in accord with those in her job description.

Plaintiffs' self-serving conclusory allegations are insufficient to generate a genuine issue of fact as to the causal link between Plaintiff Rosado's political affiliation and the alleged adverse employment actions, particularly in light of the uncontested facts. *See Cosme–Rosado,* 360 F.3d at 48 (*citing Figueroa–Serrano v. Ramos–Alverio,* 221 F.3d 1 (1st Cir.2000)(plaintiffs failed to adduce sufficient facts indicating

that the Municipality discharged them based on party affiliation and they also failed to provide names or other specific factual information supporting their claim that the Municipality replaced them with hew hires from the rival political party)). She does not even set forth the minimal facts required to give notice, i.e., who did what to whom, where, and why. *See Educadores Puertorriquenos en Accion v. Rey Hernandez*, 367 F.3d 61 (1st Cir.2004) (rejecting the use of heightened pleadings standards in civil rights cases).

Thus, we find that Plaintiffs do not have a cognizable claim under the First Amendment for political discrimination. "The law is crystal clear ... that proving a causal link between a challenged personnel action and an asserted political animus requires more than merely juxtaposing a person's political affiliation with the fact that he arguably was treated unfairly." *Negron–Torres v. State Ins. Fund Corp.*, 18 Fed. Appx. 7, 10, 2001 WL 535731 (1st Cir.2001) (*citing Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 58 (1st Cir.1990)). Thus, Plaintiffs' unsupported allegations cannot and do not meet the required threshold. The same is true for Plaintiffs' similarly unsupported allegations regarding the alleged assignment of her job duties to PDP affiliates. *See Figueroa–Serrano*, 221 F.3d at 2. Plaintiffs do not even name these individuals although they have had the opportunity to discover them.

Lastly, Plaintiffs make reference to Plaintiff Rosado's free speech rights. However, they make no reference to any particular speech. Thus, this claim is summarily dismissed. Consequently, we agree with Defendants that Plaintiffs' have failed to establish a cause of action for political discrimination. Accordingly, Defendants' motion for summary judgment on this claim is **GRANTED**.

**Due Process**

Plaintiffs also alleged a deprivation of Plaintiff Rosado's procedural Due Process rights. Under the Fourteenth (and or Fifth) Amendment of the Constitution, no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. IV, § 1.

In order to establish a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must first prove that he or she has a property interest as defined by state law and, second, that Defendants, acting under color of state law, deprived him or her of that property interest without a constitutionally adequate process. *See Mimiya Hosp., Inc. v. U.S. Dept. of Health & Human Servs.*, 331 F.3d 178, 181 (1st Cir.2003) ("It is well established that 'individuals whose property interests are at stake are entitled to notice and an opportunity to be heard.'") (*quoting Dusenbery v. United States*, 534 U.S 161, 167, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002)); *see also Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982); *PFZ Properties, Inc. v. Rodriguez*, 928 F.2d 28, 30 (1st Cir.1991). Moreover, property interests are not created by the Constitution; "they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Bd. of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

In order to establish the violation of a property right, "a person clearly must have more than an abstract need or desire for it.... more than a unilateral expectation of it.... instead, [a person] must have a legitimate claim of entitlement to it." *Rodriguez–Pinto v. Tirado–Delgado*, 982 F.2d 34, 40 (1st Cir.1993) (*quoting Bd. of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) (quo-

212

tation marks omitted)). Under Puerto Rico law, public employees have a property interest in their continued employment, not in the functions they perform. *Consejo de Educacion de la U.P.R. v. Rossello*, 137 D.P.R. 83, 110 (1994). After analyzing each of Plaintiffs' allegations with regards to due process, it becomes evident that Plaintiff Rosado was not deprived of any recognized liberty or property interest. Having failed to satisfy the first prong of the due process analysis we need not go any further. Accordingly, Plaintiffs's due process claims must be dismissed. Consequently, Defendants' motion for summary judgment on this claim is also **GRANTED**.

### Equal Protection

██ The complaint avers that Plaintiff Rosado was denied the right to equal protection under the law pursuant to the Fourteenth Amendment of the U.S. Constitution. The party who asserts that governmental action violates the Equal Protection Clause must show that she is "the victim of intentional discrimination." *Tex. Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). In order to state a claim under the Equal Protection Clause, Plaintiffs must prove not only that Defendants were aware of Plaintiff Rosado's membership in a protected group, but also that they acted **because** of it. *See Personnel Administrator v. Feeney*, 442 U.S. 256, 279, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979). We have already found that Plaintiffs have failed to adduce a genuine controversy of material fact as to Defendants' motives in taking the employment actions that she alleges. Therefore, we conclude that the factual allegations made in the amended complaint do not meet the pleading requirements necessary to survive a motion for summary judgment as to Plaintiffs' equal protection claim. Thus, Plaintiffs claim for equal protection is hereby **DISMISSED WITH PREJUDICE.**

### Supplemental Jurisdiction

██ Lastly, as to the pending pendent jurisdiction claims against Defendants, it is hornbook law that a district court has discretion to exercise supplemental jurisdiction over the state law claims where the state and federal claims derive from a common nucleus of operative facts. *See* 28 U.S.C. § 1367; *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Nevertheless, where, as here, all federal claims against these Defendants warrant dismissal prior to trial, the district court should decline to exercise supplemental jurisdiction.

██ Although District Courts are not obliged to dismiss pendent state law claims, in the usual case in which all federal law claims are dismissed before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness and comity-will point toward declining to exercise jurisdiction over the remaining state law claims. In such a case, state-law claims should be dismissed. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 5, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *citing Gibbs*, 383 U.S. at 726–27, 86 S.Ct. 1130; *see also Mercado–Garcia v. Ponce Fed. Bank*, 979 F.2d 890, 896 (1st Cir. 1992); *Rivera v. Murphy*, 979 F.2d 259, 264 (1st Cir.1992); *Figueroa–Ruiz v. Alegria*, 896 F.2d 645 (1st Cir.1990); *cf. Vega v. Kodak Caribbean*, 3 F.3d 476, 478 (1st Cir.1993) (holding that "when the district court disposed of the ADEA claims, the pendent claims became subject to dismissal for want of subject matter jurisdiction"); *Feinstein v. Resolution Trust Corp.*, 942 F.2d 34, 47 (1st Cir.1991) (stating that "since federal question jurisdiction hinged on that [dismissed] count, and there was no complete diversity of citizenship or other cognizable basis for the assertion of subject matter jurisdiction in the district

court, the pendent state law claims were properly dismissed under the rule of *United Mine Workers v. Gibbs* ").

Supplemental jurisdiction should be declined in this case against Defendants in view that the state law claims substantially predominate over the federal claims. The Supreme Court has held that judicial economy, convenience, fairness and comity favors "a decision to relinquish jurisdiction when state issues predominate, whether in terms of proof, of the scope of the issues raised, or the comprehensiveness of the remedy sought." *Carnegie–Mellon*, 484 U.S. at 350 n. 5, 108 S.Ct. 614, *citing Gibbs*, 383 U.S. at 726, 86 S.Ct. 1130. Since Plaintiffs are not entitled to any award under Section 1983 with respect to named Defendants, the only award Plaintiffs could, in any event, pursue against them would be under the Commonwealth statutes. Therefore, Plaintiffs' claims against Defendants, under the laws and the Constitution of the Commonwealth of Puerto Rico will be **DISMISSED WITHOUT PREJUDICE.**

### Conclusion

For the reasons stated herein, Defendants' motion for summary judgment is **GRANTED.** Plaintiffs' Section 1983 claims are **DISMISSED WITH PREJUDICE** and Plaintiffs' Commonwealth law claims are **DISMISSED WITHOUT PREJUDICE.** Judgment shall be entered accordingly.

**SO ORDERED.**