**Carlos Albertorio SANTIAGO,
et al., Plaintiffs,**

**v.**

**RELIABLE FINANCIAL SERVICES,
INC., et al., Defendants.**

**Civil No. 07–1785 (GAG).**

United States District Court,
D. Puerto Rico.

Dec. 11, 2007.

Anibal Medina–Rios, Anibal Medina Law Office, Bayamon, PR, Pablo Landrau–Pirazzi, Aldarondo & Lopez Bras, Rio Piedras, PR, for Plaintiffs.

David C. Indiano–Vicic, Seth Erbe, Indiano & Williams, PSC, Jose Enrico Valenzuela–Alvarado, Jose J. Gueits–Ortiz, Department of Justice, Carlos E. Perez–Pastrana, San Juan, PR, for Defendants.

## OPINION AND ORDER

GUSTAVO A. GELPI, District Judge.

Plaintiffs, Carlos Albertorio Santiago ("Santiago") and Carlos Joel Albertorio Feliciano ("Feliciano") (hereinafter collectively "plaintiffs"), brought this action pursuant to 42 U.S.C. § 1983 alleging constitutional rights violations, as well as state law claims of negligence under Articles 1802 and 1803 of the Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31, § § 5141–5142, seeking economic and punitive damages.[1] Plaintiffs also request a declaratory judgment providing that the self-help repossession provision in the Puerto Rico Commercial Transactions Act, P.R. Laws Ann. tit. 19, § 2203,[2] is unconstitutional. Defendant Reliable Financial Services, Inc. ("Reliable") timely moved to dismiss all

---

**1.** The court notes Puerto Rico law does not allow punitive damages. *Ganapolsky v. Park Gardens Dev. Corp.,* 439 F.2d 844, 846 n. 1 (1st Cir.1971).

**2.** The statute reads in pertinent part: Section 2203–Secured party's right to possession after default

causes of action arguing plaintiffs failed to state a cause of action for which relief may be granted (Docket No. 14). Plaintiffs responded timely in opposition to the motion to dismiss (Docket No. 17). After a thorough review of the applicable law, the court **DENIES** Reliable's motion to dismiss (Docket No. 14).

## I. Standard of Review

In ruling on a motion to dismiss under Rule 12(b)(6), a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiffs. *See Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir.2001); *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir.1996). However, the court will not credit "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the complaint's allegations. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996). The Supreme Court recently held that to survive a motion to dismiss, a complaint must allege "a plausible entitlement to relief." *Rodriguez–Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 95 (1st Cir.2007) (quoting *Bell Atl. Corp. v. Twombly*, —— U.S. ——, ——, 127 S.Ct. 1955, 1967, 167 L.Ed.2d 929 (2007)). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969. Therefore, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual alle-

gations sufficient "to raise a right to relief above the speculative level." *Id.* at 1965.

## II. Relevant Factual Background

Pursuant to Rule 12(b)(6), the court recites the following facts as alleged in the complaint. *See Langadinos v. Am. Airlines, Inc.*, 199 F.3d 68, 69 (1st Cir.2000). On February 6, 2003, Santiago purchased an automobile from Abreu Powercars, Inc. and financed it under a purchase and finance agreement pursuant to the Puerto Rico Retail Installment Sales of Goods and Services Act, P.R. Laws Ann. tit. 10, § 741, which was later assigned to Reliable. *See* Docket No. 1 at ¶¶ 11–12. Santiago encumbered the title to his automobile in order to secure payment of the purchase price balance in accordance with the terms of the purchase and finance agreement and the Puerto Rico Commercial Transactions Act, P.R. Laws Ann. tit. 19, § 401 *et seq* ("Commercial Transactions Act"). *See id.* at ¶ 13. Santiago went into arrears, and Reliable filed a state action to collect the outstanding balance on the Purchase and Finance Agreement. *See id.* at ¶ 14. The Puerto Rico state court dismissed with prejudice the collection action for want of prosecution and issued judgment on May 15, 2007 and notification to the parties on July 23, 2007. *See id.* at ¶ 15.

On April 14, 2007, while the state collection action was still pending, Reliable conducted a self-help repossession of the automobile pursuant to the Commercial Transactions Act.[3] *See id.* at ¶ 16. Specifi-

---

Unless otherwise agreed, a secured party has on default the right to take possession of the collateral, provided, however that in a consumer secured transaction prior to the taking of possession, the secured party shall be required to give debtor a[t] least two (2) days written notice, to the last known address of the debtor, of the intent to take possession of the collateral. **In taking possession, a secured party may proceed with-**

**out judicial process if this can be done without breach of the peace** or may proceed by action. . . .
P.R. Laws Ann. tit. 19, § 2203 (emphasis added).

**3.** In compliance with this court's order (Docket No. 13), plaintiffs specified Section 2203 of the Commercial Transactions Act as the self-help statute presumably invoked by

cally, Reliable's employee, defendant Ricardo Acevedo Correa ("Correa"), engaged the services of Puerto Rico Police Department officers, defendants Osvaldo Acevedo Perez ("Perez") and Michelle Chevalier Torres ("Torres"), to carry out the repossession. *See id.* Defendants threatened, intimidated and harassed Santiago's son, Feliciano, while repossessing the automobile. *See id.* at ¶ 17. Defendants also seized plaintiffs' unencumbered personal property, which was located inside the automobile, and have failed to return it. *See id.* Reliable did not give advance notice to the plaintiffs and did not invoke any kind of judicial process in regards to the self-help repossession of Santiago's automobile. *See id.* at ¶ 19.

### III. Legal Analysis

#### A. Section 1983

Plaintiffs bring this civil rights action pursuant to 42 U.S.C. § 1983, which states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. Section 1983 does not create substantive rights. Rather, the statute provides a procedural mechanism for enforcing federal constitutional or statutory rights. *See Al-*

*bright v. Oliver,* 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). Therefore, a Section 1983 plaintiff must identify the particular federal right that he seeks to enforce via judicial proceedings. In order to prevail in a Section 1983 claim, a plaintiff must demonstrate that the defendant (1) acted under color of state law and (2) deprived him of the identified federal right. *See Cepero–Rivera v. Fagundo,* 414 F.3d 124, 129 (1st Cir.2005) (quoting *Romero–Barcelo v. Hernandez–Agosto,* 75 F.3d 23, 32 (1st Cir.1996)). A defendant incurs Section 1983 liability only if he was personally involved in the deprivation of rights asserted by a plaintiff, and may be found liable only on the basis of his own acts or omissions. *See id.; Gutierrez–Rodriguez v. Cartagena,* 882 F.2d 553, 562 (1st Cir.1989); *Rosado De Velez v. Zayas,* 328 F.Supp.2d 202, 209 (D.P.R.2004).

#### 1. Under Color of State Law and State Action

 "Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of the statute. To act 'under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents." *United States v. Price,* 383 U.S. 787, 794, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966). "[I]n a § 1983 action brought against a state official, the statutory requirement of action 'under color of state law' and the 'state action' requirement of the Fourteenth Amendment are identical." *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 929, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see also Price,* 383 U.S. at 794 n. 7, 86 S.Ct. 1152.

Reliable while conducting the repossession.

*See* Docket No. 19 p. 5.

"[T]he conduct allegedly causing the deprivation of a federal right [must] be fairly attributable to the State." *Lugar,* 457 U.S. at 936, 102 S.Ct. 2744; *see also Estades–Negroni v. CPC Hosp. San Juan Capestrano,* 412 F.3d 1, 4 (1st Cir.2005). In *Lugar,* the Supreme Court used a two-part analysis to determine the "fair attribution" issue: (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible;" and (2) "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar,* 457 U.S. at 937, 102 S.Ct. 2744; *see also Estades–Negroni,* 412 F.3d at 4, n. 10. A state actor may be a state official, someone who has acted together with or has obtained significant aid from state officials, or someone whose conduct is otherwise chargeable to the State. *Lugar,* 457 U.S. at 937, 102 S.Ct. 2744; *see also Gonzalez–Morales,* 221 F.3d at 49.

The involvement of a state official in concert with a private person, regardless of whether or not the official's actions were officially authorized or lawful, is considered "state action" for purposes of Section 1983. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Therefore, both private persons and state officials can be liable for constitutional violations under Section 1983. *See id.* However, "a State's mere acquiescence in a private action" does not convert that action into "state action." *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 164, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). Also, action by a private party pursuant to a state statute, without something more, does not make that private party a "state actor." *See Lugar,* 457 U.S. at 939, 102 S.Ct. 2744. The "something more" varies with the circumstances of the case and entails a fact-bound inquiry. *See*

*id.* at 939, 102 S.Ct. 2744; *see also Estades–Negroni,* 412 F.3d at 5.

The First Circuit has employed "three tests to determine whether a private party fairly can be characterized as a state actor: the state compulsion test, the nexus/joint action test, and the public function test." *Estades–Negroni,* 412 F.3d at 5. "Under the state-compulsion test, a private party is fairly characterized as a state actor when the state 'has exercised coercive power or has provided such significant encouragement, either overt or covert, that the [challenged conduct] must in law be deemed to be that of the state.'" *Id.* (quoting *Blum v. Yaretsky,* 457 U.S. 991, 1004, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982)). "The nexus/joint action test provides that a private party can be held to be a state actor where an examination of the totality of the circumstances reveals that the state 'has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the [challenged activity].'" *Id.* (quoting *Bass v. Parkwood Hosp.,* 180 F.3d 234, 242 (5th Cir.1999)). In "the public function test, a private party is viewed as a state actor if the plaintiff establishes that, in engaging in the challenged conduct, the private party performed a public function that has been 'traditionally the exclusive prerogative of the State.'" *Id.* (quoting *Blum,* 457 U.S. at 1005, 102 S.Ct. 2777).

**2. Procedural Due Process**

Procedural due process requires that "parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified." *Fuentes v. Shevin,* 407 U.S. 67, 80, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). "[T]he prohibition against the deprivation of property without due process of law reflects the high value, embedded in our constitutional and political history, that

we place on a person's right to enjoy what is his, free of government interference." *Id.* at 81, 92 S.Ct. 1983. The fair process protects against arbitrary deprivations of property. *See id.* The right to notice and a hearing "must be granted at a time when the deprivation can still be prevented." *Id.* "[W]hatever its form, opportunity for that hearing must be provided before the deprivation at issue takes effect . . . except for extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event." *Id.* at 82, 92 S.Ct. 1983 (citations omitted). "[A] temporary, nonfinal deprivation of property is nonetheless a 'deprivation' in the terms of the Fourteenth Amendment." *Id.* at 85, 92 S.Ct. 1983.

 "The right to a prior hearing, of course, attaches only to the deprivation of an interest encompassed within the Fourteenth Amendment's protection." *Id.* at 84, 92 S.Ct. 1983. The replevy of chattels-whether or not the person has full title to the chattel or the person's continued possession of the chattel is in dispute-deprives the person of his possessory interests in those chattels, which are within the protection of the Fourteenth Amendment. *See id.* The Fourteenth Amendment's protection extends to any significant property interest, including the continued possession and use of goods. *See id.* at 86, 92 S.Ct. 1983. "[C]onstitutional requirements of due process apply to garnishment and prejudgment attachment procedures whenever officers of the State act jointly with a creditor in securing the property in dispute." *Lugar,* 457 U.S. at 932–33, 102 S.Ct. 2744. Therefore, once the person establishes his property interest in the chattel, he can invoke the protection of the Due Process Clause. *Fuentes,* 407 U.S. at 87, 92 S.Ct. 1983. "The right to be heard does not depend upon an advance showing that one will surely prevail at the hearing." *Id.*

The extraordinary situations that justify postponing notice and opportunity for a hearing must be truly unusual and have been allowed in a few limited situations. *See id.* at 90, 92 S.Ct. 1983. The Supreme Court has only allowed outright seizure without opportunity for a prior hearing when: (1) the seizure "has been directly necessary to secure an important governmental or general public interest;" (2) "there has been a special need for very prompt action;" and (3) "the person initiating the seizure has been a government official responsible for determining, under the standards of a narrowly drawn statute, that it was necessary and justified in the particular instance." *Id.* at 91, 92 S.Ct. 1983. These limited situations have involved collecting taxes, meeting the needs of a national war effort, protecting against economic disaster of a bank failure, and protecting the public from misbranded drugs and contaminated food. *See id.* at 92, 92 S.Ct. 1983.

 In cases involving conditional sales contracts, such as the instant, waiver of due process rights must, at the very least, be clear. *See id.* at 95, 92 S.Ct. 1983. Some factors the court will consider in determining whether a contractual waiver has occurred are: (1) whether there was bargaining over contractual terms; (2) whether the bargaining power of the parties was equal; (3) whether the purported waiver provision was a printed part of a form sales contract; (4) whether the waiver was a necessary condition of the sale; and (5) whether the waiver was made voluntarily, intelligently and knowingly. *See id.*

 In this case, plaintiffs allege that Reliable did not provide Santiago prior notice of his automobile's repossession as required under Section 2203 of the Commercial Transactions Act. Plaintiffs further allege that Reliable, despite filing a collec-

tion action in Puerto Rico state court and prior to its disposition, sent its employee, Correa, with Perez and Torres, in their official capacity as Puerto Rico police officers, to carry out the repossession. These allegations are sufficient to support a Section 1983 claim as to all defendants.

Perez and Torres are considered state actors under *Lugar* and *Gonzalez–Morales* because they are state officials whose conduct is chargeable to the State and were acting in their official capacity during the challenged action. Under *Price* and *Lugar,* Reliable and Correa are also considered state actors even though they are private parties because the police officers acted jointly with them in order to carry out the repossession pursuant to the Commercial Transactions Act. Furthermore, under *Estades–Negroni*'s nexus-joint action test, Reliable and Correa can be fairly characterized as state actors because of their joint participation with Perez and Torres in the self-help repossession of Santiago's automobile. Therefore, Reliable, Correa, Perez and Torres were all acting under color of law while carrying out the challenged activity.

Furthermore, under *Fuentes,* Santiago has a constitutionally protected possessory interest in the continued use of his automobile even though he had not acquired full title yet. Also, plaintiffs have a constitutionally protected property interest in the items located inside the vehicle when it was repossessed. The Fourteenth Amendment's procedural due process clause requires that Santiago receive notification and be given a hearing prior to the repossession of his automobile unless extraordinary circumstances prevented it. Santiago alleges he was not given prior notification nor any type of judicial process prior to Reliable carrying out the self-help repossession. The complaint does not describe any special circumstances such as the ones enumerated by the Supreme Court in *Fuentes* that could justify outright seizure without the opportunity of a prior hearing. Also, plaintiffs do not assert waiving their due process rights in regards to this repossession. Therefore, the repossession of Santiago's automobile, which contained plaintiffs' personal property, prior to a hearing on the merits constitutes a deprivation of their constitutional property rights.

Consequently, based on the allegations of the complaint, defendants were all acting under color of law while depriving plaintiffs of their constitutionally protected property interest in the automobile and personal property located inside. Hence, the court denies Reliable's request to dismiss the Section 1983 cause of action.

## B. Negligence

 Plaintiffs assert state law claims of negligence under Articles 1802 and 1803 of the Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31, §§ 5141 and 5142, which state:

> A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done. Concurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction of the indemnity.

> The obligation imposed by § 5141 of this title is demandable, not only for personal acts and omissions, but also for those of the persons for whom they should be responsible.

> The father, and, in the event of his death or incapacitation, the mother, is liable for the damage caused by the minor children living with them.

> Guardians are liable for the damages caused by minors or incapacitated persons who are under their authority and live with them.

Owners or directors of an establishment or enterprise are likewise liable for any damages caused by their employees in the service of the branches in which the latter are employed or on account of their duties.

The Commonwealth is liable in this sense under the same circumstances and conditions as those under which a private citizen would be liable.

Finally, masters or directors of arts and trades are liable for the damages caused by their pupils or apprentices while they are under their custody.

The liability referred to in this section shall cease when the liable persons mentioned therein prove that they employed all the diligence of a good father of a family to preclude the damage.

 "Under Article 1802 of Puerto Rico's Civil Code, recovery of tort damages requires a showing that the defendant 'by act or omission cause[d] damage to another through fault or negligence.'" *Vazquez–Filippetti v. Banco Popular de P.R.,* 504 F.3d 43, 49 (1st Cir.2007) (quoting P.R. Laws Ann. tit. 31, § 5141). "The necessary elements to prevail in a tort action are: (1) a negligent act or omission, (2) damages and (3) a causal relationship between them." *Irvine v. Murad Skin Research Lab.,* 194 F.3d 313, 321 (1st Cir. 1999). Foreseeability is an element of both breach of duty and proximate cause. *See Vazquez–Filippetti,* 504 F.3d at 49. "In most cases, the duty is defined by the general rule that one must act as would a prudent and reasonable person under the circumstances." *Id.* "[A] defendant only breaches this duty if he acted (or failed to act) in a way that a reasonably prudent person would foresee as creating undue risk." *Id.*

Under the facts of this case as previously discussed, a reasonable prudent person could foresee that the taking of someone's automobile without prior notice or judicial approval could cause at least economic hardship to an individual. Therefore, it would not be proper to grant defendants' motion to dismiss on the negligence cause of action because the complaint alleges sufficient facts that plaintiffs have suffered at least economic damages as a result of defendants' actions. Wherefore, the court denies Reliable's motion to dismiss the negligence cause of action [4].

## IV. Conclusion

At this stage of the proceedings, mindful of the court's duty to make all reasonable inferences in the plaintiffs' favor, the court holds the complaint sets forth sufficient facts from which a Section 1983 claim and a negligence claim can be discerned. Accordingly, the court **DENIES** Reliable's motion to dismiss (Docket No. 14).

**SO ORDERED.**

---

4. The Commonwealth defendants in an official capacity may only be parties to this action for purposes of prospective injunctive relief. *See Will v. Mich. Dep't. of State Police,* 491 U.S. 58, 71 n. 10, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). In their personal capacity, they may be sued for damages under both federal and Puerto Rico law. *See Hafer v. Melo,* 502 U.S. 21, 27, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).