Nelson **BRAUCHITSCH–MONEDERO,**
Plaintiff,

v.

**PUERTO RICO ELECTRIC POWER AUTHORITY; Engineer Jorge Rodríguez–Ruiz, Executive Director; Engineer Jaime Plaza; Engineer Raúl McClin; John Doe; Richard Roe; X, Y, Z, Defendants.**

Civil No. 08–1336(DRD).

United States District Court, D. Puerto Rico.

March 16, 2011.

Nelson Brauchitsch–Monedero, San Juan, PR, pro se.

Luis F. Colon–Conde, C. Conde & Mirandes, Miguel A. Pagan–Rivera, Pagan & Pagan, Orlando Duran–Medero, Orlando Duran Medero Law Office, Christian E. Pagan–Cordoliani, Puerto Rico Department of Justice, San Juan, PR, for Defendants.

## *OMNIBUS OPINION AND ORDER*

DANIEL R. DOMINGUEZ, District Judge.

### I. PROCEDURAL HISTORY

Plaintiff Nelson Brauchitsch–Monedero ("Plaintiff") is a current employee of Autoridad de Energía ' Eléctrica ("PREPA"). Plaintiff brings this suit against PREPA and Jaime Plaza–Velázquez ("Plaza"), the former Head of PREPA's Division of Environmental Protection and Quality Assurance; Raúl McClin–Cruz ("McClin"), Manager of PREPA's Department of Quality Assurance; and Jorge Rodríguez–Ruiz ("Rodríguez"), PREPA's former Executive Director (Plaza, McClin and Rodríguez, collectively, the "Individual Defendants;" PREPA, Plaza, McClin and Rodríguez, collectively, the "Defendants"). Plaintiff claims that he was subjected to adverse employment actions due to his age, national origin and political ideology. Under Section 1983 of the Civil Rights Act, Plaintiff alleges that his First, Fifth and Fourteenth Amendment rights were violated. Plaintiff also brings suit under Title VII of the Civil Right Act of 1964, the Age Discrimination in the Employment Act ("ADEA") and under various state statutes.

On March 31, 2009, the Court denied PREPA's *Motion to Dismiss* (Docket No.

46), which was joined by the Individual Defendants (Docket No. 42). The Court found that it could only consider claims included in the administrative charge filed by Plaintiff with the Equal Employment Opportunity Commission (the "EEOC") on October 19, 2007. The Court then set a status conference to investigate the contents of Plaintiff's EEOC charge. The Court further found that the continuing violation doctrine was not applicable to the instant case; and that without the assistance of this doctrine, all claims of discrimination under Title VII and the ADEA filed prior to 300 days to the filing of the EEOC complaint are time barred. *See Tobin v. Liberty Mutual Insurance Company*, 553 F.3d 121, 130 (1st Cir.2009). Hence, all of Plaintiff's federal labor claims filed prior to December 24, 2006 are barred as the EEOC complaint was filed on October 19, 2007. *Landrau–Romero v. Banco Popular*, 212 F.3d 607 (1st Cir. 2000).

On August 9, 2010, PREPA and Individual Defendants in their official capacities filed a *Motion Requesting Summary Judgment* (Docket No. 94), a memorandum in support of that motion (Docket No. 95), and a statement of uncontested material facts (Docket No. 96). Defendants claim that Plaintiff failed to allege any actionable claims for discrimination on the basis of age or nationality, establish any discriminatory and retaliatory actions, establish a *prima facie* Section 1983 claim, or establish a hostile work environment claim. On the following day, Individual Defendants in their personal capacities filed a *Motion for Summary Judgment* and *Memorandum of Law in Support Thereof* (Docket No. 100) along with a *Statement of Uncontested Material Facts* (Docket No. 101) reiterating arguments from the August 9, 2010 filings.

On October 19, 2010, Plaintiff opposed Individual Defendants' motion for summary judgment (Docket No. 107 and 112) and opposed Individual Defendants supporting memorandum of law (Docket No. 108), asserting that Plaintiff has indeed suffered political discrimination, age discrimination, retaliation and violations of his constitutional rights. Specifically, Plaintiff claims that he was not promoted, had his salary reduced, and was denied salary increases. Plaintiff additionally avers that other employees, who were less experienced than him, were elevated to positions he requested simply because those employees were younger than Plaintiff and members of an opposing political party. Plaintiff claims that those employees support the Popular Democratic Party ("PDP") while he supports the New Progressive Party ("NPP"). Plaintiff also persists in arguing that the continuing violations doctrine applies even though the Court clearly ruled to the contrary. (*See* Docket No. 46, denying PREPA's *Motion to Dismiss*.) Plaintiff never requested reconsideration of this order.

On October 26, 2010, Defendants replied (Docket No. 119 and 120) to Plaintiff's opposition motion. Individual Defendants state that Plaintiff failed to comply with the Federal Rules of Civil Procedure by only making conclusory allegations without providing sufficient supporting evidence. Individual Defendants assert that Plaintiff has failed to provide evidence that Individual Defendants knew of Plaintiff's political affiliations and failed to support a causal connection between an adverse employment action and his political affiliations. Finally, Individual Defendants advocate that, under Puerto Rico law, public employees have a property interest in their continued employment, but not in their job duties or functions. As Plaintiff was not terminated from his employment, Individual Defendants claim that Plaintiff has not

been deprived of a cognizable property interest under the Due Process Clause. Furthermore, Individual Defendants declare that, should the Court find that a cognizable property interest exists, the alleged adverse action took place in 2005 and is thus time barred.

On October 28, 2010, Plaintiff moved to strike (Docket No. 123) PREPA's and Individual Defendants' reply memorandum (Docket No. 119) for failing to reply to new matters raised by Plaintiff in Plaintiff's objection. Defendants did not oppose this request.[1]

On November 1, 2010, Plaintiff filed a sur-reply to Individual Defendant's reply (Docket No. 125). Therein, Plaintiff argues that he was divested of most of his former duties and deprived of the majority of his supervisory work.

On December 29, 2010, the Court referred the pending motions for summary judgment to Chief Magistrate Judge Justo Arenas for entry of his *Report and Recommendation* (Docket No. 140).

On January 21, 2011, Magistrate Judge Arenas filed his *Report and Recommendation*, 2011 WL 1097760 (Docket No. 145). Therein, he recommended the District Court to grant the motions for summary judgment. The Magistrate Judge found that Plaintiff failed to state a claim upon which relief may be granted under Section 1983. Magistrate Judge Arenas also concluded that Plaintiff failed to even plead sufficient facts to establish supervisory liability, subordinate liability or demonstrate how any Defendant's actions are linked to a constitutional violation.

Regarding Plaintiff's AEDA claims and Section 1983 claims, the Magistrate Judge found that the continuing violations doctrine is not applicable[2] and that Plaintiff has not alleged a single discriminatory act that took place within the relevant time period (after December 24, 2006 for discriminatory actions regarding age, national origin or retaliation and after March 28, 2007 for discriminatory and retaliatory actions under Title VII).

The Magistrate Judge also found that Plaintiff's First Amendment rights, which protect certain public employees, such as Plaintiff, from adverse employment actions based on their political affiliation, had not been violated. "To establish a *prima facie* case for political discrimination, a plaintiff must show 'that (1) the plaintiff and the defendant belong to opposing political affiliations; (2) the defendant has knowledge of the plaintiff's affiliation; (3) a challenged employment action occurred; and (4) political affiliation was a substantial or motivating factor behind the challenged employment action.'" *Ramos–Borges v. Puerto Rico, P.R. Health Dep't*, 740 F.Supp.2d 262 (D.P.R.2010) (quoting *Cintrón–Arbolay v. Cordero–López*, 716 F.Supp.2d 163, 166 (D.P.R.2010)).

Chief Magistrate Judge Arenas determined that none of these four prongs were met. The Magistrate found that Plaintiff had not shown that he was a member of any political party and that Plaintiff had not put forth sufficient evidence to establish that Individual Defendants were affiliated with NPP or had opposing political beliefs to Plaintiff. Furthermore, the Magistrate Judge concluded that there is no evidence on the record, other than

---

1. Acting out of an abundance of caution, the Court now **DENIES** this request, as Plaintiff subsequently filed a sur-reply to this filing. However, as recommended by the Magistrate Judge, the Court shall disregard not previously raised arguments contained therein.

2. As previously noted, the Court came to the same conclusion on April 15, 2009 and specifically ruled that the continuing violation does not apply to the instant case (Docket No. 46).

Plaintiff's bald allegations, that the positions he applied for were filled with younger employees who are PDP members. Though Plaintiff avers that he was constructively demoted, the Magistrate Judge determined that Plaintiff did not suffer an adverse employment action as Plaintiff's salary, benefits and working hours were not reduced. Lastly, Magistrate Judge Arenas found that even if an adverse employment action occurred, there is no evidence on the record that Plaintiff's political beliefs were the motivating factor behind that adverse action.

The Due Process Clause of the Fifth Amendment applies only to the actions of the federal government and not to those of state government. Accordingly, the Magistrate Judge resolved that Plaintiff's Fifth Amendment Due Process Clause claim should be dismissed because Plaintiff did not allege that any Defendant was a federal actor.

Chief Magistrate Judge Arenas also noted that the Due Process Clause of the Fourteenth Amendment protects government employees who possess property interests in continued public employment and under Puerto Rico law, a tenured public employee has a property interest in his continued employment. *See Rodriguez–Ramos v. Hernandez–Gregorat,* 660 F.Supp.2d 220, 228 (D.P.R.2009); *see also Kauffman v. Puerto Rico Tel. Co.,* 841 F.2d 1169, 1173 (1st Cir.1988). However, the Magistrate concluded that Plaintiff cannot establish a Fourteenth Amendment due process claim for three reasons. First, Plaintiff does not state what his job duties were before and after PREPA underwent a "reclassification" on January 2, 2005. Secondly, even assuming a deprivation of duties occurred after the reclassification, that divestiture of responsibility did not affect Plaintiff's salary, benefits or working hours. The Magistrate Judge also not-

ed that a career employee's property interest in his or her job does not extend to job duties. Finally, Magistrate Judge Arenas found that Plaintiff's Fourteenth Amendment due process claim is time barred because the reclassification occurred in 2005 and the instant case was not filed until 2008.

The Magistrate Judge further concluded that Plaintiff has not met the applicable standard for proving a hostile work environment claim. Magistrate Judge Arenas first found that Plaintiff's claim is time barred as any alleged harassment occurred before December 24, 2006. Further, the Magistrate found that the claim fails on its merits as well because Plaintiff did not establish: (1) that the alleged harassment was sufficiently pervasive or severe; (2) that the conduct was objectively and subjectively offensive such that a reasonable person would find it hostile or abusive; and (3) that Plaintiff did in fact perceived the conduct to be so. The Magistrate Judge observes that Plaintiff's only specific allegation of harassment consists of being referred to as a "gringo" and finds that such conduct is not sufficiently pervasive or severe as to create a hostile work environment nor can it be reasonably inferred that such comments interfered with Plaintiff's work performance.

Chief Magistrate Judge Arenas also opined that Plaintiff has not met any of the elements for a *prima facie* case of retaliation. The Magistrate Judge acknowledged that Plaintiff did engage in a protected activity by filing an EEOC complaint, but found that there was no subsequent adverse employment action related to this protected conduct. Although Plaintiff alleges that he was constructively demoted, the Magistrate reiterated that Plaintiff's salary, benefits and working hours were not reduced. Furthermore, the Magistrate Judge determined that there is no

temporal proximity between the protected activity, the filing of the EEOC complaint in 2007, and the alleged adverse employment action, which consists of the demotion in 2005, to support an inference of retaliatory causation.

Plaintiff also alleges retaliation in the form of being denied two promotions and the Magistrate Judge came to a similar conclusion with respect to the first promotion. The Magistrate Judge found that there was insufficient temporal proximity between the filing of the EEOC complaint in 2007 and the denial of the supervisor position for the Quality Assurance Department in 2004, to support an inference of causation.

As to Plaintiff's second promotion denial, when Plaintiff applied for the Water Quality Department's supervisor position between 2007 and 2008, the Magistrate Judge found that Plaintiff did not even allege that the denial was retaliatory in nature but instead simply claimed that Individual Defendants' actions were motivated by political animus. Accordingly, Magistrate Judge Arenas determined that Plaintiff failed to establish a causal connection between the protected conduct and the alleged adverse employment action. The Magistrate Judge came to an identical conclusion regarding Plaintiff's claim that Individual Defendants did not allow him to discipline employees under his supervision.

Plaintiff also claims that Individual Defendants retaliated by instituting disciplinary proceedings against him after the EEOC complaint was filed. However, the Magistrate determined that there is not factual evidence in the record to support this claim and that Plaintiff can only cite to the constructive demotion in connection with the 2005 reclassification. Additionally, Magistrate Judge Arenas resolved that the retaliation claim which is based upon the reclassification is timed barred because the EEOC charge was filed more than 300 days after the reclassification took place.

Finally, Magistrate Judge Arenas concluded that, because all of Plaintiff's federal claims should be dismissed, the Court should not exercise supplemental jurisdiction over Plaintiff's state law claims.

On February 3, 2011, Plaintiff objected to the Magistrate Judge's *Report and Recommendation* (Docket No. 151)[3] and on February 12, 2011, Plaintiff submitted an informative motion with multiple exhibits in support of his objections (Docket No. 154). Plaintiff asserts that the *Report and Recommendation* contains certain errors and inaccurate characterizations of fact. Plaintiff primarily objects to the omission that he applied several times for a supervisor position in 2004; that he was disciplined for abuse of medical benefits; that documents were missing from his personnel file; and that his general physical appearance and characteristics made his political beliefs known to the Defendants.

On February 12, 2011, PREPA and Individual Defendants in their official capacities responded to Plaintiff's objections to the Magistrate Judge's *Report and Recommendation* (Docket No. 153) and Individual Defendants in their personal capaci-

---

**3.** Plaintiff previously filed *Objections to the Magistrates Report and Recommendation* on January 27, 2011 (Docket No. 149). Plaintiff complied with the Court's Order (Docket No. 148) on the same day allowing Plaintiff the opportunity to amend his objections. In light of Plaintiff's *pro se* status, the Court *sua sponte* granted Plaintiff additional time to amend his position. He availed himself of this opportunity and timely filed amended *Objections to the Magistrates Report and Recommendation* (Docket No. 151). Therefore, the Court shall not need to consider Plaintiff's earlier, unamended objections (Docket No. 149) and said motion is to be closed as superceded.

ties responded as well the following day (Docket No. 155).[4]

Regarding Plaintiff's claim that he was passed over for a promotion in 2004, Defendants state that Plaintiff has failed to establish that his constitutional rights were violated or that supervisory liability or subordinate liability exists. Defendants also point out that Plaintiff did not challenge the adjudication of McClin being awarded the supervisor position on either a temporary or permanent basis. Defendants further advance that the 2004 promotion cannot constitute retaliatory conduct because it occurred before the EEOC filing in 2007. Lastly, Defendants argue that, in any event, the 2004 promotion is time barred.

Regarding the company-wide 2008 memorandum, Defendants comment that the memorandum does not controvert the Magistrate's determination and that Plaintiff is barred from using on this memorandum, and is further unable to submit any other new evidence, that establishes a hostile work environment claim.

Defendants also assert that Plaintiff's statements that McClin and Berrios are younger than him, and that Plaza told Plaintiff not to discipline subordinates because it would make things politically uncomfortable for Plaza, are claimed for the first time in his objections. Accordingly, Defendants argue that those assertions should be stricken.

Similarly, Defendants advance that Plaintiff currently claims for the first time that he was suspended and thereby had his salary, benefits and working hours reduced. Thus, Defendants reason that this claim should be stricken also.

Defendants concede that Plaintiff's presumption that McClin is a member of the PDP is correct; therefore, that fact is uncontested.

Defendants argue that Plaintiff is unable to show that McClin or any defendant knew about Plaintiff's party affiliation. Defendants further aver that knowledge of Plaintiff's birthplace and general appearance is insufficient to show that Defendants knew Plaintiff was a PNP member. In fact, Plaintiff testified that he was not affiliated with any party and that he has not expressed his political preference in the workplace. Defendants insist that these admissions foreclose any political discrimination claim.

Additionally, Defendants state that a 2003 example Plaintiff provided to demonstrate that Plaza occasionally supervised Plaintiff is time barred and remote to the 2004 McClin promotion.

As to the alleged abuse of medical benefits and the engineering license, Defendants advocate that those instances cannot support a retaliation claim. Defendants state that there is no evidence as to how and when Plaintiff was sanctioned for the medical benefits abuse and that there was no adverse employment action for the engineering license.

Finally, Defendants observe that Plaintiff does not provide any particulars or evidence to support when or why Plaintiff was suspended.

On February 22, 2011, Individual Defendants, in their personal capacities, moved to strike the documents Plaintiff submitted on February 12, 2011 opposing the *Report and Recommendation* (Docket No. 159). Individual Defendants stated that the documents were not part of the record before the Magistrate Judge made his *Report and Recommendation* and cited case law sup-

---

4. For simplicity's sake, the Court outlines both sets of Defendants' objections together although the objections were submitted in different filings by different parties.

porting the proposition that a party may not submit new evidence to the District Court that was not previously before the Magistrate. On the same day, February 22, 2011, the Court granted Individual Defendants' motion to strike.

On March 1, 2011, Plaintiff filed a *Motion to Strike Defendant's Motion to Strike Documents Submitted by Plaintiff* (Docket No. 161);[5] a motion for leave to file missing documents; (Docket No. 162); a motion to amend the record (Docket No. 163); and a motion to supplement the record (Docket No. 164)[6]. Plaintiff asks that the Court permit Plaintiff to allow the new evidence to be submitted. Plaintiff requests leniency because he falsely believed that his previous counsel had filed the documents and because he is now a *pro-se* plaintiff.

On March 8, 2011, PREPA and the Individual Defendants in their official capacities filed their opposition to Plaintiff's motion to strike (Docket No. 165). PREPA and the Individual Defendants note that the Court previously ruled that any documents not part of the record when the parties filed for summary judgment will not be considered by the Court (Docket No. 160).

## II. REFERRAL TO THE MAGISTRATE JUDGE

The Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *See also* FED. R.CIV.P. 72(b); *see also* Local Rule 72(a); *see also Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). An adversely affected party may contest the Magistrate's Report and Recommendation by filing its objections. FED.R.CIV.P. 72(b). Moreover, 28 U.S.C. § 636(b)(1), in pertinent part, provides that:

> any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

"Absent objection, ... [a] district court ha[s] a right to assume that [the affected party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir.1985), *cert. denied*, 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985). Additionally, "failure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objections are precluded upon appeal." *Davet v. Maccarone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *see also Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–51 (1st Cir.1994) (holding that objections are required when

---

5. The Court finds that Plaintiff's motion to strike is, in reality, an opposition to Defendant's motion. Thus the Court simply **NOTES** this filing as it does not necessitate an independent ruling.

6. Plaintiff's motions for leave to file missing documents, to amend the record, and to supplement the record are all hereby **DENIED.** Plaintiff has failed to provide the facts Plaintiff now seeks to admit in their proper forum,

Plaintiff's statement of uncontested material facts, as required by Local Rule 56. "This type of rule is aimed at enabling a district court to adjudicate a summary judgment motion without endless rummaging through a plethoric record." *P.R. Am. Ins. Co. v. Rivera–Vazquez*, 603 F.3d 125, 130 (1st Cir.2010). The Court will not cure these procedural defects at this late stage of the proceedings.

challenging findings actually set out in a magistrate's recommendation, as well as the magistrate's failure to make additional findings); *see also Lewry v. Town of Standish*, 984 F.2d 25, 27 (1st Cir.1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); *see also Borden v. Sec. of H.H.S.*, 836 F.2d 4, 6 (1st Cir.1987) (holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised").

The Court, in order to accept unopposed portions of the Magistrate Judge's Report and Recommendation, needs only satisfy itself that there is no "plain error" on the face of the record. *See Douglass v. United Servs. Auto, Ass'n*, 79 F.3d 1415, 1419 (5th Cir.1996) (*en banc*) (extending the deferential "plain error" standard of review to the un-objected to legal conclusions of a magistrate judge); *see also Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982) (en banc) (appeal from district court's acceptance of un-objected to findings of magistrate judge reviewed for "plain error"); *see also Nogueras–Cartagena v. United States*, 172 F.Supp.2d 296, 305 (D.P.R.2001) (finding that the "Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding FED. R.CIV.P. 72(b)); *see also Garcia v. I.N.S.*, 733 F.Supp. 1554, 1555 (M.D.Pa.1990) (finding that "when no objections are filed, the district court need only review the record for plain error").

An adversely affected party may "contest the [m]agistrate [j]udge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." *United States v. Mercado Pagan*, 286 F.Supp.2d 231, 233 (D.P.R.2003)

(*citing* 28 U.S.C. § 636(b)(1)). If objections are timely filed, the district judge shall "make a *de novo* determination of those portions of the report or specified findings or recommendation to which [an] objection is made." *Rivera de Leon v. Maxon Eng'g Servs.*, 283 F.Supp.2d 550, 555 (D.P.R.2003).

In the instant case, Plaintiff has timely filed several objections to the Magistrate Judge's *Report and Recommendation* (Docket No. 151). Thus, the Court reviews the portions of the *Report and Recommendation* to which objections were made *de novo; the Court* reviews the unopposed portions of the *Report and Recommendation* for plain error.

Upon a thorough *de novo* review of the record, the Court finds that the Magistrate's conclusions of law are correct for the reasons set forth below. Accordingly, the Court hereby adopts the Magistrate's *Report and Recommendation* **ADOPTS** and **GRANTS** Defendants' motions for summary judgment.

## III. RELEVANT FACTUAL BACKGROUND

When analyzing a motion for summary judgment, the Court must view the facts in the light most favorable to the non-moving party, in this case favoring Plaintiff. *See Vera v. McHugh*, 622 F.3d 17, 26–27 (1st Cir.2010); *see also Agusty–Reyes v. Dept. of Edu.*, 601 F.3d 45, 48 (1st Cir.2010); *see also Cadle Co.*, 116 F.3d at 959–60. However, "summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Ayala–Gerena v. Bristol Myers–Squibb Co.*, 95 F.3d 86, 95 (1st Cir.1996) (internal quotations omitted). Further, the Court will not consider hearsay statements nor allegations presented by parties that do not properly provide specific reference to

the record. *See* L.Civ.R. 56(e)("The [C]ourt may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The [C]ourt shall have no independent duty to search or consider any part of the record not specifically referenced."); *see also Morales v. A.C. Orssleff's EFTF*, 246 F.3d 32, 33 (1st Cir.2001) (finding that, where a party fails to buttress factual issues with proper record citations, judgment against that party may be appropriate); *see also Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990) ("Hearsay evidence, inadmissible at trial, cannot be considered on a motion for summary judgment."). Keeping these limitations firmly in mind, the Court proceeds to recite the following properly-supported facts in the light most favorable to Plaintiff.

As an initial matter, the Court notes that, although Plaintiff takes umbrage to the Chief Magistrate Judge's statement of uncontested facts, Plaintiff failed to comply with Local Rule 56, which represents this District's anti-ferreting rule. The Magistrate correctly advises the Court to not admit Plaintiff's opposing statement of uncontested facts as result of this lack of compliance. Plaintiff ran afoul of the clear language of Local Rule 56 and filed an opposition in a convoluted manner, failing to admit, qualify or deny at least five facts proposed by Defendants and submitting additional facts that were not included in a separate section as required by the Rule. *See* D.P.R.Civ.R. 56(c)("The opposing statement shall admit, deny or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of material facts ... The opposing state-

ment may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation ...."); *see also Puerto Rico Am. Ins. Co. v. Rivera–Vazquez*, 603 F.3d 125, 131 (1st Cir.2010) (stating that "parties [who] ignore the strictures of [Puerto Rico's] 'anti-ferret' rule [do so] at their peril" when they fail to follow the letter of Rule 56 by clearly admitting, denying or qualifying in numerical order proposed uncontested facts); *see also A.C. Orssleff's EFTF*, 246 F.3d at 33 (affirming this District Court's grant of summary judgment where the Court refused to consider facts which were not presented in compliance with the precursor to the current anti-ferreting rule).

Thus, as Plaintiff failed to comply with the strictures of Local Rule 56, the Court must deem the undisputed facts set forth by Plaintiff admitted and shall not add additional proposed facts set forth in Plaintiff's statement of undisputed facts.[7] While the Court laments that Plaintiff's case may be injured by its own fundamental procedural errors at this late stage, it must apply the rules equally to Plaintiff as to any other litigant.

The Court shall address Plaintiff's objections to Magistrate Judge Arenas's presentation of the facts (Docket No. 151) *de novo* and the Court will review the remainder of the *Report and Recommendation* for plain error to ascertain if he has indeed included all the facts which are relevant to the instant inquiry. Upon completion of its review, the Court finds that the Magistrate Judge's statement of facts was accurate, complete and well-organized and, accordingly, incorporates the statement of

---

7. The Court notes that while Plaintiff now appears *pro se*, Plaintiff had counsel at the time the statement of uncontested material facts was submitted on October 19, 2010 (Docket No. 113).

facts here by reference *in toto*.[8] Out of an abundance of caution, however, the Court proceeds to recite the following properly-supported facts in the light most favorable to Plaintiff, noting its findings as to Plaintiff's objections.

Plaintiff [9] began working for PREPA, a public utility, on September 23, 1990. At all relevant times, Plaintiff has been a career, non-union, employee of PREPA.

In 2000, and then again in 2006, Plaintiff was called "the gringo" by PREPA co-workers, including Plaza, but never by McClin or Rodríguez. Plaintiff never notified his superiors about such remarks.

Plaintiff has never been affiliated with any political party in Puerto Rico, though he does support statehood for Puerto Rico, and has never held a position within a political party.[10]

In March 2004, Plaintiff applied for the supervisor position of the Quality Assurance Department.[11] Yet, he was informed that he was not considered for the position because he had inverted three numbers on his application. Between 2004 and 2005, McClin was awarded that position.[12]

In November 2005 or 2006, Plaintiff attempted to discipline two employees under his supervision, but was told by Plaza not to do so. Plaintiff is unaware why Plaza told him not to discipline his subordinates.[13]

8. The Court is publishing the instant decision as well as the opinion of Chief Magistrate Judge Arenas.

9. At this late stage, Plaintiff requests that the following three facts be included: (1) a 2008 memorandum was sent to all PREPA employees discussing violent conduct in the workplace; (2)Plaintiff was accused of and charged approximately a thousand dollars for the misuse of medical benefits; and (3) PREPA's Human Resources Department informed Plaintiff that there was no evidence of Plaintiff's engineering license in the personnel files. However, these additional details were not properly included in the record before the Magistrate, and therefore the Court shall not include them at this stage of the proceedings.

10. Plaintiff states that he was known by most employees to have come to Puerto Rico from the State of New York; Plaintiff mentioned in the workplace that he could vote in U.S. Presidential elections; and that Plaintiff has a "general European appearance" due to his fair skin and light colored eyes. With this information, Defendants knew or surmised Plaintiff's political inclinations towards NPP. These statements were not properly laid out in a separate section in Plaintiff's statement of uncontested material facts as required by Local Rule 56. Hence, the Court will not consider these facts now at this late juncture. However, even if the statements were to be admitted, being a continental-born U.S. citizen does not necessarily mean that a person favors the pro-statehood political party.

11. In Plaintiff's objections to the Magistrate's *Report and Recommendation*, Plaintiff wishes to qualify the entry of this fact, stating that he applied for this position several times between 2004 and 2005; that each. time he applied, the position was recalled or cancelled at Plaza's request; and that Plaintiff was not on the list of qualifying candidates (Docket No. 113). However, Plaintiff never properly presented the Court with such evidence in a timely and proper manner and failed to mention these qualifications in his statement of uncontested material facts as required by Local Rule 56. Thus, the Court shall not consider these assertions.

12. Plaintiff seeks to qualify the entry of this fact with the added information that McClin is younger than Plaintiff; that documents were manipulated to falsify that McClin was a section supervisor before being award that position; and that McClin was awarded the supervisor position for more than a year on a temporary basis before the position was finally adjudicated to him permanently. Once again, these additional facts are not contained in Plaintiff's statement of material uncontested facts, thereby allowing the opposing parties an opportunity to respond as required by Local Rule 56. Thus, the Court shall not include these caveats at the present time.

13. In Plaintiff's objections to the Magistrate's *Report and Recommendation*, Plaintiff states that Plaza told him not to discipline employees under Plaintiff's supervision because it

Between 2007 and 2008, Plaintiff applied for the supervisor position of the Water Quality Department. Ruperto Berríos was subsequently awarded that position. Plaintiff is unaware of Ruperto Berríos' exact age but believes him to younger than Plaintiff.

On October 19, 2007, Plaintiff filed a complaint with the EEOC and was granted the right to sue on December 14, 2007.

Plaintiff never mentioned in the workplace that he is a member of the NPP. Plaintiff is aware that McClin is a PDP supporter. Plaintiff does not know if McClin is aware of his party affiliation.

Plaintiff has never been directly supervised by Plaza[14] and never requested that he receive a job position from Plaza.

Plaintiff has never spoken to Rodríguez and does not know if Rodríguez knows him.

Plaintiff's salary, benefits and hours have never been reduced.[15]

## IV. SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be entered where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 324–325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Pursuant to the clear language of the rule, the moving party bears a two-fold burden: it must show that there is "no genuine issue as to any material facts;" as well as that it is "entitled to judgment as a matter of law." Vega–Rodriguez v. Puerto Rico, 110 F.3d 174, 179 (1st Cir.1997). A fact is "material" where it has the potential to change the outcome of the suit under governing law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is "genuine" where a reasonable jury could return a verdict for the nonmoving party based on the evidence. Id. Thus, it is well settled that "the mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment. Id.

After the moving party meets this burden, the onus shifts to the non-moving party to show that there still exists "a trial worthy issue as to some material facts." Cortes–Irizarry v. Corporacion Insular, 111 F.3d 184, 187 (1st Cir.1997).

At the summary judgment stage, the trial court examines the record "in the light most flattering to the non-movant and indulges in all reasonable references in that party's favor. Only if the record, viewed in this manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." Ca-

---

would make thing politically uncomfortable for Plaza. As Plaintiff did not raise this assertion of fact before the Magistrate, this fact is untimely and therefore the Court will not consider it.

**14.** In Plaintiff's objections to the Magistrate's Report and Recommendation, Plaintiff states that Plaza directly supervised Plaintiff on several occasions. Again, as this specific fact was not before the Magistrate, the Court will not include this fact at this time.

**15.** Also in Plaintiff's objections to the Report and Recommendation, Plaintiff claims, for the first time, that he was unjustly suspended for forty hours, which affected his salary, benefits and working hours; and that a suspension may have substantial disciplinary ramification for a PREPA employee in the future. Once again, as these factual statements were not before the Magistrate, the Court will not consider them now.

*dle Co. v. Hayes*, 116 F.3d 957, 959–60 (1st Cir.1997). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Prod.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Summary judgment is inappropriate where there are issues of motive and intent as related to material facts. *See Poller v. Columbia Broad. Sys.*, 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962) (summary judgment is to be issued "sparingly" in litigation "where motive and intent play leading roles"); *see also Pullman–Standard v. Swint*, 456 U.S. 273, 288, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982) ("findings as to design, motive and intent with which men act [are] peculiarly factual issues for the trier of fact."); *see also Dominguez–Cruz v. Suttle Caribe, Inc.*, 202 F.3d 424, 433 (1st Cir. 2000) (finding that "determinations of motive and intent ... are questions better suited for the jury"). Conversely, summary judgment is appropriate where the nonmoving party rests solely upon "conclusory allegations, improbable inferences and unsupported speculation." *Ayala–Gerena v. Bristol Myers–Squibb Co.*, 95 F.3d 86, 95 (1st Cir.1996).

## V.  42 U.S.C. SECTION 1983

Section 1983 imposes civil liability upon any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  For a Section 1983 claim, two allegations are required in order to state a cause of action. "First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980).

Magistrate Judge Arenas correctly determined that Plaintiff lacks a meritorious Section 1983 claim.  Plaintiff cannot meet the first prong of the above test to demonstrate that his constitutional rights under the First, Fifth and Fourteenth Amendments were deprived in any way.  The pleadings and the supporting evidence are devoid of sufficient facts to establish that PREPA or the Individual Defendants deprived Plaintiff of a federally protected right based on either a theory of respondent superior or supervisory liability for the reasons stated below.  Thus, the Court **GRANTS** Defendants' motions for summary judgment as to Plaintiff's Section 1983 claims, dismissing those claims with prejudice.

## A.  FIRST AMENDMENT

"The First Amendment protects the right of public career employees ... to engage in political activities without fear of adverse employment actions." *Rodriguez–Marin v. Rivera–Gonzalez*, 438 F.3d 72, 79–80 (1st Cir.2006).  "In pursuing such a First Amendment claim, the plaintiff's prima facie case is established by introducing evidence that '(1) the plaintiff and the defendant [have] opposing political affiliations; (2) the defendant has knowledge of the plaintiff's affiliation; (3) a challenged employment action occurred; and (4) political affiliation was a substantial or motivating factor behind it.'"  *Del Toro Pacheco v. Pereira*, 633 F.3d 57, 62 (1st Cir.2011) (*quoting Welch v. Ciampa*, 542 F.3d 927, 938–39 (1st Cir.2008)).

The Magistrate correctly concluded that Plaintiff cannot meet any of these aforementioned prongs.  Plaintiff has nev-

er been affiliated with any political party and Plaintiff does not allege sufficient facts, supported by the record, to suggest that PREPA and Individual Defendants are supporters of the NPP, thereby failing the first prong. As to the second prong, the record does not support Plaintiff's assertion that Defendants were aware of his political inclinations. Simply being a non-native Puerto Rican or a continental-born American does not translate to being supportive of Puerto Rican statehood as Plaintiff seems to infer. Plaintiff also cannot demonstrate that an adverse employment action occurred to satisfy the third prong. Although Plaintiff claims that he was demoted following the reclassification in 2005, Plaintiff's salary, benefits, and working hours were never reduced, thereby failing this element as well.[16] Finally, even assuming that some adverse employment action occurred, the record is devoid of facts indicating that this action was a result of Plaintiff's political beliefs. Having failed to meet any of the relevant prongs, the Court **GRANTS** Defendants' motions for summary judgment with respect to Plaintiff's First Amendment claims and dismisses said claims with prejudice.

## B. FIFTH AMENDMENT

■ The Due Process Clause of the Fifth Amendment states that "[n]o person shall ... be deprived of life, liberty, or property, without due process of law...." U.S. Const. Amend V. The applicability of this Amendment is restricted to federal actions and cannot be applied to state actions or private individuals actions. *Sanchez v. Pereira–Castillo*, 573 F.Supp.2d 474, 484 (D.P.R.2008) ("The Fifth Amendment applies only to actions of the federal government not those of private individuals, nor of state governments." (*citing Public Utilities Commission v. Pollak*, 343 U.S. 451, 461, 72 S.Ct. 813, 96 L.Ed. 1068 (1952))).

In the instant case, Plaintiff does not even allege that PREPA or the Individual Defendants are federal actors. As there is no federal government action, the Fifth Amendment is inapplicable to the case at bar. Therefore, the Court **GRANTS** Defendants' motions for summary judgment as to Plaintiff's Fifth Amendment claims and dismisses those claims with prejudice.

## C. FOURTEENTH AMENDMENT

■ The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of ... property, without due process of law." U.S. Const. Amend. XIV. "Under the Due Process Clause, a state may not discharge a public employee who possesses a proper-

---

16. *See Sánchez–Medina v. Unicco Serv. Co.*, 2010 U.S. Dist. LEXIS 105142 (D.P.R. July 6, 2010) (finding that where Plaintiff's salary nor benefits were reduced, there was no adverse employment action as Plaintiff's employment was not materially affected). *See also Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 769 (5th Cir.2001) ("[A] shift change, without more, is not an adverse employment action.")(*citing Benningfield v. City of Houston*, 157 F.3d 369, 377 (5th Cir.1998)); *see also Grube v. Lau Indus., Inc.*, 257 F.3d 723, 728 (7th Cir.2001) ("[W]ere we to hold that a mere change in working hours would rise to the level of creating a condition so objectively unbearable as to allow an employee to quit and then bring a claim of constructive discharge, employers would be in a most precarious position in adapting and maintaining employee's work schedules to fit within the parameters of their business needs."); *id.* ("[Plaintiff] offers little support, indeed she fails to offer a single citation to a case from any circuit, including ours, for the proposition that a mere transfer from a first to a second shift, unaccompanied by a reduction in pay or significantly diminished job responsibilities, can support a constructive discharge claim.").

ty interest in continued employment without due process of law." *Colon–Santiago v. Rosario,* 438 F.3d 101, 108 (1st Cir.2006); *see also Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 538, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). The Constitution does not create property interests; rather, property interests are defined by existing rules or understandings that stem from an independent source, such as state law. *See Figueroa–Serrano v. Ramos–Alverio,* 221 F.3d 1, 6 (1st Cir.2000). Under Puerto Rico law, career employees have a property interest in their continued employment. *Id.*

■ Plaintiff does not claim to have been deprived of state employment; Plaintiff merely claims to have been deprived of duties pertaining to his position when PREPA underwent a reclassification in 2005. Thus, Plaintiff's "due process claim turns on whether [Plaintiff] had a property interest in his job, which is a question of Puerto Rican law." *Duriex–Gauthier v. Lopez–Nieves,* 274 F.3d 4, 11 (1st Cir. 2001). "The Puerto Rico Supreme Court has said that public employees have no property interest in their job duties." *Torres–Martinez v. P.R. Dep't of Corr.,* 485 F.3d 19, 24 (1st Cir.2007) *(citing Consejo de Educacion Superior de la Universidad de P.R. v. Rossello Gonzalez,* 137 D.P.R. 83, 110, 1994 Juris P.R. 125 (1994)); *see also Rosado De Velez v. Zayas,* 328 F.Supp.2d 202, 212 (D.P.R.2004) ("[U]nder Puerto Rico law, public employees have a property interest in their continued employment, not in the functions they perform."). Therefore, in allegedly diminishing Plaintiff's job duties, Defendants have not deprived Plaintiff of any property interest.

Magistrate Judge Arenas correctly identified that even if Plaintiff had a property interest in his job duties, his claim would be time barred. As mentioned above, the Court held in a prior order (Docket No. 46) that all federal claims of discrimination occurring prior to December 24, 2006 (300 days before Plaintiff's EEOC complaint was filed) are time barred. Therefore, the reduction in job duties based on the 2005 reclassification are untimely.

Having concluded that Plaintiff was not deprived of any due process, and that in any event, such claims would be untimely, the Court **GRANTS** Defendants' motions for summary judgment as to Plaintiff's Due Process Clause claims and dismisses those claims with prejudice.

## VI. ADEA/TITLE VII

The Magistrate aptly identifies the folly of Plaintiff's persistence in arguing that the continuing violation doctrine is pertinent when the Court has already explicitly ruled to the contrary (Docket No. 46). The Court also previously held that all claims of discrimination under Title VII and ADEA prior to December 24, 2006 (300 days before Plaintiff filed his EEOC complaint) are time barred [17] and that Plaintiff's claims must be included in Plaintiff's October 2007 EEOC filing. *Id.*

Magistrate Judge Arenas again correctly identifies Plaintiff's Achilles heel: Plaintiff fails to cite a single discriminatory act that occurred after December 24, 2006. Plaintiff merely states in a conclusory manner that continuing violations oc-

17. "42 U.S.C. § 2000e–5(e) provides that a charge shall be filed with the EEOC 'within one hundred and eighty days after the alleged unlawful employment practice occurred,' or within 300 days after the unlawful practice if 'the person aggrieved has initially instituted proceedings with [an authorized] State or local agency.' The longer period is available only in so-called 'deferral' jurisdictions, including Puerto Rico." *Landrau–Romero v. Banco Popular De Puerto Rico,* 212 F.3d 607, 611 (1st Cir.2000).

curred, but cannot demonstrate when any allegedly discriminatory conduct occurred after December 24, 2006. Without the aid of the continuing violation doctrine to overcome this lack of specificity, Plaintiff's ADEA and Title VII claims are fatally flawed. Further, there is no personal liability against defendants in their personal capacities as they are not employers under Title VII nor under the ADEA. *Fantini v. Salem State College,* 557 F.3d 22 (1st Cir. 2009).[18]

Accordingly, the Court **GRANTS** Defendants' motions for summary judgment as to Plaintiff's ADEA and Title VII claims and dismisses those claims with prejudice.

## VII. HOSTILE WORK ENVIRONMENT

To succeed with a hostile work environment claim, a plaintiff must demonstrate that he was subjected to severe or pervasive harassment that is objectively and subjectively offensive and which materially altered the conditions of his employment. *See Roman v. Potter,* 604 F.3d 34, 42 (1st Cir.2010); *Faragher v. City of Boca Raton,* 524 U.S. 775, 787, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). In assessing whether a hostile work environment exists, the Court examines "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 116, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) (internal citations omitted).

In the instant case, Plaintiff fails to demonstrate that Defendants' conduct was sufficiently severe or pervasive to merit continuing to trial on this claim. Plaintiff's strongest claim of harassment is that in 2000, and again in 2006, Plaintiff was called "the gringo" by some co-workers. As the 2000 comment is clearly time barred, Plaintiff can only rely on the one isolated 2006 comment. Plaintiff does not allege that the 2006 "gringo" remark was re-emphasized in any way; thus, the comment constitutes an isolated, non-persistent incident that is the hallmark of a "stray remark." *See Gonzalez v. El Dia, Inc.,* 304 F.3d 63, 69 (1st Cir.2002) (" '[S]tray workplace remarks,' as well as statements made either by nondecisionmakers or by decisionmakers not involved in the decisional process, normally are insufficient, standing alone, to establish either pretext or the requisite discriminatory animus."). Plaintiff also does not claim that such name calling reasonably interfered with his job performance. Besides this 2006 remark, the record is barren as to any other specific incidents of harassment.

In addition, it is doubtful that a reasonable person would objectively find the remark hostile or abusive as opposed to simple teasing or an offhand comment. At most, the comment is a mere offensive utterance and the federal employment laws should not be interpreted and misconstrued as to "establish a general civility code for the workplace." *Rios–Jimenez v. Principi,* 520 F.3d 31, 44 (1st Cir.2008). Moreover, Plaintiff does not express if, why or how he subjectively perceived Defendants' conduct to create a hostile work environment.

18. The Court notes that Puerto Rico law provides limited personal liability against individual defendants in discrimination cases pursuant to Laws of P.R. Ann. Tit. 29 § 146 et seq. *See Rivera–Tirado v. De Energia Electrica,* 663 F.Supp.2d 36, 42 n. 7 (D.P.R.2009) *citing Keyla Rosario Toledo v. Distribuidora Kikuet, Inc. et al.,* 2000 TSPR 107, 151 D.P.R. 634, 2000 Juris P.R. 118 (2000).

Furthermore, the Court observes that more severe conduct than the actions alleged here has been found to not rise to the level of a hostile work environment. *See Marrero v. Schindler Elevator Corp.,* 494 F.Supp.2d 102, 110 (D.P.R.2007) (finding that calling Plaintiff "viejo," "viejito," and "viejo pendejo" "on a daily basis[ ]" are not sufficient for a hostile work environment claim). One comment (unless extremely serious) cannot constitute a severe or pervasive atmosphere of harassment. Consequently, the Court **GRANTS** Defendants' motions for summary judgment as to Plaintiff's hostile work environment claims and dismisses those claims with prejudice.

## VIII. RETALIATION

■ Title VII makes it unlawful "for employers to retaliate against persons who complain about unlawfully discriminatory employment practices." 42 U.S.C. § 2000e–3(a). In order to establish a *prima facie* claim of retaliation under Title VII, "a plaintiff must show (i) that [ ]he engaged in protected activity; (ii) that [ ]he bore the brunt of a materially adverse action; and (iii) that the first two elements were causally linked to one another." *Ahern v. Shinseki,* 629 F.3d 49, 55 (1st Cir.2010).

If a plaintiff makes out a *prima facie* case of retaliation, a rebuttable presumption of unlawful retaliation arises and "the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its employment decision." *Wright v. CompUSA, Inc.,* 352 F.3d 472, 478 (1st Cir. 2003) (citation and quotation marks omitted); *see also McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (establishing burden-shifting framework for Title VII cases). To rebut that presumption, the employer does not have the burden of persuasion, but must simply produce evidence of a legitimate, nondiscriminatory reason for the employment action. *See Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). "Once the employer produces such evidence, the presumption 'drops from the case' and the court must focus on the 'ultimate factual issue.'" *Vera v. McHugh,* 622 F.3d 17, 32–33 (1st Cir.2010) (citing *U.S. Postal Serv. Bd. of Governors v. Aikens,* 460 U.S. 711, 715, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983)).

■ While Plaintiff's filing of the EEOC complaint was a protected activity, Plaintiff cannot demonstrate that he suffered an adverse employment action. Plaintiff alleges that retaliation occurred when he was constructively demoted following PREPA's reclassification. However, as the Court noted above, this reclassification cannot constitute an adverse employment action because Plaintiff's salary, benefits or working hours were not reduced. Moreover, Plaintiff cannot rely on the reclassification because it occurred more than 300 days before the filing of the EEOC complaint and is therefore time barred. Even assuming that there is a timely adverse employment action, there is no temporal proximity between the alleged adverse employment action, the 2005 constructive demotion and the protected activity, the filing of the EEOC claim in 2007. Therefore, there may be no inference of causation based upon temporal proximity. *See Pomales v. Celulares Telefonica, Inc.,* 447 F.3d 79, 85 (1st Cir.2006) (finding that temporal proximity can create an inference of causation in the proper case where there is proof that the decision maker knew of the plaintiff's protected conduct when he or she decided to take the adverse employment action). Furthermore, there is no nexus between the filing of the protected action and the

adverse action as the adverse action occurred prior in time to the filing of the protected action. Close temporal proximity between the protected conduct and the adverse employment action may give rise to an inference of causal connection if the two events are "very close" together in time. *See Calero–Cerezo v. United States DOJ*, 355 F.3d 6, 25 (1st Cir.2004) (quoting *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001)). However, there cannot be temporal proximity, by definition, when the adverse employment action arises *before* the protected conduct.

Plaintiff's other alleged instances of retaliation involve being denied a promotion in 2004 and a second promotion between 2007 and 2008.[19] The 2004 denial, like the 2005 reclassification, fails because there is no temporal proximity between the alleged adverse employment action, the promotion denial in 2004, and the protected activity, the filing of the EEOC claim in 2007. Simply, the alleged adverse employment action occurred well before Plaintiff ever filed any charges against Defendants; hence Defendants could not have used a prior action to retaliate against Plaintiff's future conduct.

The 2007–2008 promotion denial does have temporal proximity to the protected event. However, as Magistrate Judge Arenas correctly illuminates, having temporal proximity alone does not mean that the two events are causally connected. Plaintiff does not allege, much less provide supporting evidence, that this denial was a result of the Defendants' desire to retaliate against him for filing his EEOC complaint. Plaintiff only alleges that younger, less experienced workers who were PDP members were ultimately awarded the position. As a result, the Court **GRANTS** Defendants' motions for summary judgment as to Plaintiff's retaliation claims and dismiss all such claims with prejudice.

## IX. STATE LAW CLAIMS

Having dismissed all of Plaintiffs' federal claims, the Magistrate appropriately recommends that the Court decline to exercise supplemental jurisdiction over Plaintiffs' Puerto Rico law claims. "[A] district court has discretion to decline to exercise supplemental jurisdiction after dismissing 'all claims over which it ha[d] original jurisdiction.'" *Figueroa v. Alejandro*, 597 F.3d 423, 431 n. 10 (1st Cir. 2010) (*quoting* 28 U.S.C. § 1367(c)(3)). *See Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1176 (1st Cir.1995) (finding that dismissal of supplemental state actions without prejudice is appropriate where there is an "unfavorable disposition of a plaintiff's federal claims" before trial). Although "[i]n an appropriate situation, a federal court may retain jurisdiction over state-law claims notwithstanding the early demise of all foundational federal claims," the usual case will point toward declining to exercise jurisdiction over the remaining state-law claims when the Court balances the factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity. *Id.* at 1176; *see also Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

As mentioned previously, Plaintiff has attempted to introduce new assertions against the Defendants at a very late stage in the proceedings and that the Court was unable to cure these procedural defects

---

**19.** Plaintiff also makes vague references to retaliatory disciplinary actions taken against him for abusing medical benefits. However, Plaintiff does not supply any specific facts or dates to support his assertions and therefore, the Court is unable to give any consideration to this claim.

under the summary judgment standard. The Court accepts that Plaintiff did not introduce these claims earlier at best due to disagreements with counsel regarding case management and strategy. By now dismissing Plaintiff's state law claims without prejudice, the Court surmises that Plaintiff will be in a more advantageous position as he will have an opportunity to present these fresh claims in state court without the procedural obstacles that presently exist in federal court and with the assistance of new counsel (or to remain *pro se*). As a result, the Court **GRANTS** Defendants' motions for summary judgment with respect to Plaintiff's federal law claims but dismisses the state law claims without prejudice.[20]

## X. CONCLUSION

The Court remains mindful that its role is not to "second-guess the business decisions of an employer, nor to impose [its] subjective judgments of which person would best fulfill the responsibilities of a certain job." *Petitti v. New England Tel. & Tel. Co.*, 909 F.2d 28, 31 (1st Cir.1990). "Courts may not sit as super personnel departments, assessing the merits—or even the rationality—of employers' nondiscriminatory business decisions." *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 823 (1st Cir.1991).

Plaintiff's alleged workplace injustices do not rise to the level of an actionable violation of the U.S. Constitution or any federal statute. "The workplace is not a cocoon, and those who labor in it are expected to have reasonably thick skins— thick enough, at least, to survive the ordinary slings and arrows that workers routinely .encounter in a hard, cold world."

*Suarez v. Pueblo Int'l, Inc.*, 229 F.3d 49, 54 (1st Cir.2000).

For the reasons stated above, the Court hereby **ADOPTS IN TOTO** and **INCORPORATES HEREIN** Magistrate Judge Arenas's *Report and Recommendation* (Docket No. 145) and Defendants' motions for summary judgment (Docket Nos. 94, 95 and 100) are **GRANTED**. Accordingly, all of Plaintiffs' federal law claims (Section 1983 claims, ADEA/Title VII claims, hostile work environment claims and retaliation claims) are hereby **DISMISSED WITH PREJUDICE**; Plaintiff's remaining state law claims are hereby **DISMISSED WITHOUT PREJUDICE**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

---

**20.** The Court stresses that this opinion makes no determination as to whether or not Plaintiff's claims are time barred under Puerto Rico law. The Court leaves those decisions entirely to the purview of the state court should Plaintiff seek redress there.